**MALAMUT & ASSOCIATES, LLC**
Mark R. Natale, Esq.
457 Haddonfield Road Suite 500
Cherry Hill, NJ 08002
856-424-1808
856-424-2032 (f)
*Attorneys for Plaintiff*

---

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Lisa Kilson - Mitchell** : | | |
| **339 Blanchard Road** : | | |
| **Drexel Hill, PA** : | | |
| : | | |
| **Plaintiff** : | CIVIL ACTION | |
| : | NO.: | |
| vs. : | | |
| | | |
| **Trinity Health Mid Atlantic** : | | |
| **801 Market Street** | | |
| **Philadelphia, PA** : | **PLAINTIFF REQUESTS A TRIAL** | |
| : | **BY JURY** | |
| : | | |
| **Defendant** : | | |
| : | | |

---

## COMPLAINT

**I.  PRELIMINARY STATEMENT:**

1. This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Lisa Kilson-Mitchell. Plaintiff was an employee of Defendant, Trinity Health Mid-Atlantic, who has been harmed by the Defendant's discriminatory and retaliatory employment practices.

2. This action arises under the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA").

## II. JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. § 1391 as Plaintiff's claims are substantively based on the ADA, and FMLA.

4. The Eastern District of Pennsylvania has specific jurisdiction over this matter because the events and occurrences that give rise to Plaintiff's claim occurred in this district.

## III. PARTIES

5. The Plaintiff herein is Lisa Kilson-Mitchell, former employee of the Defendant.

6. The Defendant herein is Trinity Health.

7. The Defendant, upon information and belief, employed 50 or more persons when the unlawful conduct alleged in this Complaint occurred.

8. At all times material herein, Defendant is and has been a "person" and "employer" as defined under the ADA and FMLA.

## IV. UNDERLYING FACTS

9. The Defendant, upon information and belief, employed 50 or more persons when the unlawful conduct alleged in this Complaint occurred.

10. Defendant employed Plaintiff for approximately six years.

11. While working for the Defendant, Plaintiff was injured when a Plaintiff assaulted her.

12. Plaintiff initially underwent conservative treatment, afraid that surgery or a prolonged absence would negatively impact her job.

13. However, with no other treatment options left, Plaintiff underwent surgery on her right wrist on or about March 20, 2019.

14. As a result of the surgery, Plaintiff needed a leave of absence, both as a reasonable accommodation under the ADA and as FMLA leave, which she qualified for.

15. In or around June of 2019, Plaintiff was released to return to work with light duty.

16. Plaintiff was told that no light duty was available to her.

17. Upon information and belief, this was false, as light duty could have been made available had the Defendant engaged in the interactive process.

18. Instead, Plaintiff was told she could continue her leave and her job would be available for her when she was done.

19. In or around July of 2019, at the expiration of her FMLA leave, Plaintiff was told she could return to work after an additional three weeks off.

20. Plaintiff provided this update to the Defendant.

21. At that time, Plaintiff was terminated.

22. Plaintiff was told she was terminated because her FMLA leave was extinguished.

23. However, Plaintiff simply needed three additional weeks off as a reasonable accommodation.

24. Defendant could have reasonably accommodated the Plaintiff.

25. Instead, Defendant terminated the Plaintiff.

26. Plaintiff was terminated in violation of the ADA and FMLA.

## **COUNT I**

## **DISCRIMINATION AND RETALIATION UNDER AMERICANS WITH DISABILITIES ACT**

27. Paragraphs 1-26 are incorporated herein as if set forth at length.

28. Plaintiff qualified as disabled under ADA because of her injury.

29. Plaintiff requested a reasonable accommodation of a leave of absence to have surgery and recover from her injury.

30. While her leave of absence was initially granted, she was terminated with a short period of time left in her leave.

31. Defendant told Plaintiff she was terminated because of the amount of time she was out of work.

32. However, Defendant made no efforts to engage in the interactive process to accommodate the Plaintiff.

33. It would not have been an undue burden to hold the job open until Plaintiff could return.

34. Defendant never presented this issue to the Plaintiff, never discussed the return to work date, and never engaged in the interactive process.

35. Instead, Plaintiff was terminated in violation of the ADA.

36. Plaintiff's termination violated the ADA in two ways.

37. First, Plaintiff was terminated and not re-hired because of her disability/perceived disability, in violation of the ADA.

38. Second, Plaintiff was terminated and not re-hired for requesting a reasonable accommodation, in violation of the ADA.

39. Defendant, its upper level managers, and supervisors all violated the ADA by terminating the Plaintiff.

### COUNT II

### RETALIATION UNDER
### THE FAMILY MEDICAL LEAVE ACT

40. Plaintiff repeats all of the facts and all of the paragraphs numbered 1 through 39 as if stated in their entirety herein.

41. Plaintiff was entitled to FMLA leave.

42. Plaintiff took FMLA leave.

43. Following an extended leave, Plaintiff was able to return to work.

44. However, Plaintiff was instead terminated.

45. Plaintiff's termination violated the FMLA.

46. Plaintiff's termination was in retaliation for her taking FMLA leave.

47. Defendant, its upper level managers, and supervisors willfully violated the FMLA by terminating the Plaintiff.

## PRAYER FOR RELIEF

48. Plaintiff incorporates paragraphs 1 through 47 as if set forth at length.

**WHEREFORE**, Plaintiff requests that this court enter judgment in his favor against the Defendant, and order that:

A. Defendant compensate Plaintiff with back pay, at a rate of pay and other benefits and emoluments of employment to which he would have been entitled had she not been subjected to unlawful discrimination based on his disability, age, and request for leave.

B. Defendant compensate Plaintiff with an award of front pay, if appropriate.

C. Defendant pay to Plaintiff punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable.

D. Defendant pay to Plaintiff pre and post judgment interest, the costs of suit and attorney and expert witness fees as allowed by law.

E. Defendant shall eliminate all unlawful discriminatory practices as well as remedy the discriminatory effect of past practices and procedures.

F. The Court shall award such other relief as if deemed just and proper, in law and/or equity, including injunctive relief if the Honorable Court deems said relief appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted;

By. /s/ Mark R. Natale Esq.

Mark R. Natale, Esq.